IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                          No.    18-CR-03989 WJ

ALLISTER QUINTANA,

    Defendant.

### MOTION REQUESTING COMPLEX CASE STATUS FOR SPEEDY TRIAL PURPOSES AND TO SET ASIDE THE STANDARD DISCOVERY ORDER(S)

Defendant, Allister Quintana, through his attorney Ray Twohig, moves that the Court find this case complex for purposes of the Speedy Trial Act, 18 U.S.C. § 3161, et seq., and set aside all standard discovery orders previously filed in this matter. In support of this motion, the Defendant avers as follows:

    1.    On May 24, 2018, Mr. Quintana was charged in a criminal complaint with Murder, then on May 25, 2018 he was brought before a U.S. Magistrate and advised of the charge.

    2.    An order of detention pending trial was entered on May 29, 2018.

    3.    Four requests for continuance of Grand Jury Presentment were filed for purposes of attempting to negotiate a resolution of the case (Docs. 12, 16, 18 and 23) and granted. (Docs. 13, 17, 19 and 24)

    4.    On December 4, 2018, a grand jury sitting in the District of New Mexico returned an indictment charging the defendant with murder. See Doc. 26. He entered a

plea of not guilty at his arraignment on December 13, 2018. (Doc. 29) The motions deadline was set at January 2, 2019.

5. On December 13, 2018, Magistrate Judge Laura Fashing entered a standard discovery order.  See Doc. 30.

6. On December 14, 2018, this Court issued an order setting this matter for jury trial on February 4, 2019.  See Doc. 31.  A motion to continue that trial is being filed herewith.

7. Under the terms of the Speedy Trial Act, 18 U.S.C. § 3161 et seq., the trial of a criminal case must commence within 70 days of the later of the filing of charges or defendant's initial appearance, exclusive of excludable periods of delay. 18 U.S.C. § 3161(c)(1). In the absence of any excludable delays, the trial of the present case would have to commence within 70 days from August 31, 2018, but there are excludable delays as a result of the motions and orders entered in the case.

8. Review of the digital evidence can be a time-consuming and painstaking process. Counsel has actively done so in consultation with his retained private investigator.

9. In sum, the technical nature of the evidence against the defendants, and the parties' need to adequately consider and analyze the evidence, and, inter alia, the sheer volume of discovery in this matter, render this case so unusual or so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(7)(B)(ii). In addition, the facts make the case analysis complex. The

decomposed body of the deceased, later identified as Travis Howland, was discovered on or about February 14, 2018 in a closet in Defendant's residence which he shared with several people at various times. . The deceased was nude and bound with ligatures, and the report revealed evidence of significant injuries to various areas of the body ranging from minor lacerations to deep lacerations from sharp objects, analysis of which was complicated by the extent of decomposition. The cause of death has been described in the autopsy report as "homicide by unspecified means."

10. Promptly after discovery of the body a search warrant was obtained and extensive evidence was seized and documented, including a number of swabs of blood evidence, footprint casts, articles of clothing and there were extensive photographs taken. Multiple interviews were done during the investigation and records were examined. Several of the suspects as well as the victim were in custody in the Jicarilla Detention Center during the months prior to the discovery of the body.

11. The investigation included seizures of cell phones with data extraction, submission of specimens for DNA analysis, analysis of subpoenaed records of telephone usage, review of Instagram records, and some forensic analysis of such evidence. A significant amount of the DNA analysis has not yet been available, making reconstruction of the crime scene difficult. The prosecution has brought several witnesses into grand jury to testify, and their transcripts must be fully evaluated and compared with the physical evidence.

12. Undersigned counsel was retained and entered his appearance on September 19, 2018, replacing an assistant Federal Public Defender. The transition of counsel and the necessity of working with the discovery which has been provided make

clear to counsel that a great deal more work by the defense is needed to address the murder charge against him. There is another defendant who is also charged with this murder, U.S. vs. Bettelyoun, No. 18-MJ-3427, and so the interrelationship between the cases must be taken into account. The necessity for defense experts cannot yet be determined, but the interpretation of evidence in this case is particularly challenging. There have been some efforts to settle the case, but the defense has not sufficiently investigated the case to be able to do so at this time due to its complexity and the incompleteness of the available evidence.

13. Because a failure to grant this designation and the continuance would likely result in a miscarriage of justice by, among other things, denying the defendant adequate time to investigate and prepare his defense—Defendant Quintana moves this Court to vacate the present deadlines and declare the case complex. The parties will prepare a proposed scheduling order for the Court's consideration.

14. The ends of justice served by setting this case for trial on a date beyond the current trial setting of February 4, 2019 outweigh the best interest of the public and the defendant in a speedy trial.  See 18 U.S.C. § 3161(h)(7)(A).

15. The United States concurs in this motion.

WHEREFORE Defendant moves that the Court 1) find this case complex for purposes of the Speedy Trial Act, 18 U.S.C. § 3161, et seq., 2) vacate the Standard Discovery Order, 3) vacate the trial setting, and 4) order the United States and defense counsel to confer for the purpose of setting a schedule for discovery and the filing of pretrial motions, hearings upon such motions, and for trial.

        Respectfully submitted,

        /s/ Ray Twohig

        _____

        Ray Twohig
        Attorney for Defendant
        8998 Rio Grande, Blvd., N.W.
        Albuquerque, NM 87114
        Phone: 505/898-0400

I hereby certify that on the 24th day of January, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing

/s/ Ray Twohig
_____

Ray Twohig