IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 18-CR-03989-WJ |
| ) | |
| ALLISTER QUINTANA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' NOTICE OF INTENT TO OFFER EXPERT WITNESS TESTIMONY**

Pursuant to Fed. R. Crim. P. 16(c) and the Court's *Scheduling Order* (Doc. 40), the United States hereby gives notice that it intends to introduce during trial testimony that may arguably be considered expert testimony, as described in the following paragraphs. The United States submits that all such evidence is relevant to the issues to be tried before the jury in this case. Further, the United States submits that this testimony is admissible evidence under Fed. R. Evid. 702 and 703, and that the witnesses have a reliable basis in knowledge and experience in their respective professional disciplines. As grounds for this notice, the United States submits the following:

Lauren Dvorscak, M.D. is a pathologist employed by the Office of the Medical Investigator (OMI) in Albuquerque, New Mexico. The United States anticipates that Dr. Dvorscak will testify at trial primarily as a fact witness, as she was the doctor who performed the autopsy on John Doe and determined his cause, manner, and mechanism of death. Defense counsel has the OMI records [Bates 4602-4637] and Dr. Dvorscak's curriculum vitae [Bates 4642-4649]. Dr.

Dvorscak may provide expert opinion testimony regarding John Doe's injuries and condition, specifically cause of death. Dr. Dvorscak's testimony may include her expert opinions or specialized knowledge regarding this matter, derived from her education, training, and professional experience.

Jerrilyn Conway is a Forensic Examiner with the Federal Bureau of Investigation (FBI) Laboratory, Nuclear DNA Unit, Quantico, Virginia. The United States anticipates that Ms. Conway will testify regarding the conclusions contained in her reports dated September 19, 2018, February 14, 2019, and April 18, 2019, and any subsequent reports regarding the evidence collected in this matter and the results the FBI Laboratory found, including that to a reasonable degree of scientific certainty, John Doe was the contributor to the blood located on the carpet, vacuum cleaner, boot, flashlight, pieces of wood and sword. Furthermore, it is anticipated Ms. Conway will testify regarding the discovery of blood on the hammer, sheath, and machete. Defense counsel has the reports from the FBI Laboratory [Bates 4638-4641, 4703-4713] and Ms. Conway's curriculum vitate [Bates 4724-4727]. Ms. Conway's testimony may include her expert opinions or specialized knowledge regarding this matter and derived from her education, training, and professional experience as a forensic scientist.

Shannon Prince is a physical scientist with the Federal Bureau of Investigation (FBI) Laboratory, Fingerprint Unit, Quantico, Virginia. The United States anticipates that Ms. Prince will testify regarding the conclusions contained in her report dated May 1, 2019, and any subsequent reports, regarding the evidence collected in this matter and the results the FBI Laboratory found, including that to a reasonable degree of scientific certainty, Defendant's fingerprints were located on a sword. Defense counsel has the reports from the FBI Laboratory

2

[Bates 4715-4723] and Ms. Prince's curriculum vitae [Bates 4728-4731].  Ms. Prince's testimony may include her expert opinions or specialized knowledge regarding this matter and derived from her education, training, and professional experience as a forensic scientist.

Thomas Durham is a computer analyst with the New Mexico Regional Forensics Laboratory in Albuquerque, New Mexico.  The United States anticipates that Mr. Durham will testify at trial primarily as a fact witness, as he was the analyst that extracted the data from Defendant's cellular telephone.  Defense counsel has the extraction records [Bates 2062-2064] and Mr. Durham's curriculum vitae [4734-4736].  Mr. Durham may provide expert opinion testimony regarding the identification and location of certain data on Defendant's cellular telephone.  Mr. Durham's testimony may include his expert opinions or specialized knowledge regarding this matter, derived from his education, training, and professional experience.

The above-described expert testimony and evidence is offered to aid the jury in understanding the issues of the case.  Each expert described above may also testify to certain hypothetical questions presented to them by counsel, which are clearly permissible under Fed. R. Evid. 703.  *See Atwood v. Union Pacific Railroad Company*, 933 F.2d 1019 (10th Cir. 1991) (*citing Teen Ed, Inc. v. Kimball Int'l*, 620 F.2d 399, 404 (3d Cir. 1980)).

The United States respectfully requests that the Court exercise its special gatekeeping obligation and determine that the proposed testimony of these witnesses is admissible, as they have a reliable basis in knowledge and experience in their respective disciplines.  *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *see also Dodge v. Cotter Corp*., 328 F.3d 1212, 1221-22 (10th Cir. 2003), *cert. denied*, 540 U.S. 1003, 124 S. Ct. 533 (2003).

The Court has broad discretion to determine the means for assessing an expert's reliability and in making the ultimate determination of reliability. *Dodge v. Cotter Corp.*, 328 F.3d at 1222. As the proposed testimony is standard trial testimony on medical diagnosis, identification of injury, causation and accident reconstruction, the United States respectfully requests that the Court treat this Notice as a proffer on the training and background of these witnesses and issue an order recognizing the witnesses as experts and permitting the introduction of their testimony. Specifically, the United States asks that the Court make a finding, upon hearing testimony, that the testimony of these witnesses has a reliable basis in the knowledge and experience of their relevant disciplines. *See Id.* *(quoting Kumho Tire*, 526 U.S. at 149). The United States requests that the Court reserve its reliability determination until the United States introduces into evidence the experience and training of the witnesses at trial.

WHEREFORE, the United States respectfully requests that this Court find that the proposed testimony of each expert has a "reliable basis in the knowledge and experience" of the respective fields of each expert.

        Respectfully submitted,

        JOHN C. ANDERSON
        United States Attorney
        ***Electronically filed on June 3, 2019***
        JOSEPH M. SPINDLE
        FREDERICK MENDENHALL
        Assistant United States Attorney
        P.O. Box 607
        Albuquerque, New Mexico 87103
        (505) 346-7274

I hereby certify that on June 3, 2019, I filed the foregoing electronically through the CM/ECF System, which caused counsel for the defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/*
JOSEPH M. SPINDLE
Assistant United States Attorney