IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                        Cr. No. 18-03989 WJ

ALLISTER DANZIG QUINTANA,

    Defendant.

**ORDER DENYING**
**DEFENDANT'S EIGHTH MOTION TO CONTINUE SENTENCING**

THIS MATTER comes before the Court upon Defendant's Eighth Motion to Continue Sentencing, filed August 6, 2021 **(Doc. 85)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is denied.

On December 4, 2018, a federal grand jury charged Defendant with first-degree murder in Indian Country. Doc. 26. On January 22, 2020, Defendant pleaded guilty to an information alleging second-degree murder in Indian Country, Doc. 57, and his co-conspirator has pleaded guilty to a related charge, Doc. 21. The Pre-Sentence Report was filed on March 16, 2020.

Defendant's sentencing was initially set for April 22, 2020. The Government filed its sentencing memorandum on April 2, 2020. Doc. 64. Thus far, defense counsel has requested and been granted, seven extensions of time to complete his sentencing memorandum. The requests were granted for various reasons such as: delay in the submission of an expert report; delays caused by the pandemic; and to obtain "additional research, investigation and expert assistance." As grounds for this latest request, Defendant cites to "logistical issues involve in implementing the

expert request" and seeks an extension until November 1, 2021 to complete his sentencing memorandum.

A court must impose sentence without any unnecessary delay. Fed. R. Crim. P. 32(b)(1). Similarly, crime victims have the "right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7). Although a flexible standard, the Supreme Court has provided samples of "unreasonable delay." In a judicial determination of probable cause context, "delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake" are unreasonable. *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991).

The Government contends that Defendant's requested delay is unreasonable, and at this point, the Court must agree. In granting Defendant's most recent extension request, the Court extended the deadline for sentencing memoranda until May 17, 2021 for Defendant and May 31, 2021 for the Government, and reset sentencing for two months later—from April 6, 2021 to June 25, 2021. *See* Doc. 83. The Court then sua sponte reset sentencing until September 2, 2021, thus gratuitously affording defense counsel over two months of additional time to prepare the sentencing memorandum.

Numerous extensions have already been granted to accommodate Defendant's logistical problems and defense counsel really offers no good reason to grant yet another one. Further extensions would only delay sentencing where the victim's family has suffered without closure for three and a half years. *See* Doc. 60, Pre-Sentence Rep't. Defendant's motion is therefore DENIED.

**IT IS SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE