FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 18, 2022**

Christopher M. Wolpert
Clerk of Court

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALLISTER DANZIG QUINTANA,

    Defendant - Appellant.

No. 21-2152
(D.C. No. 1:18-CR-03989-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

    Allister Danzig Quintana pleaded guilty to second-degree murder in Indian Country and received a 405-month prison sentence. He has appealed from that sentence despite the appeal waiver in his plea agreement. The government now moves to enforce that waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Through counsel, Quintana responds that the plea waiver is unenforceable under the circumstances. We disagree and will grant the motion.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  **BACKGROUND**

The government accused Quintana and a co-defendant of beating and torturing one of Quintana's cousins, then tying him up and leaving him in a closet in Quintana's home. About two weeks later, an acquaintance of Quintana noticed a foul smell coming from the home, entered, and discovered the cousin's body in the closet. A forensic examiner performed an autopsy but could not state with certainty whether the victim died from his wounds or from starvation and dehydration.

A grand jury indicted Quintana on charges of first-degree murder, kidnapping, and conspiracy. Quintana's co-defendant waived the indictment and pleaded to an information charging only kidnapping. Quintana also eventually accepted a plea deal under which he would plead guilty to an information charging second-degree murder. In exchange, the government agreed to dismiss the indictment.

Quintana signed a plea agreement containing the following appeal waiver: "Defendant knowingly waives the right to appeal the Defendant's conviction and any sentence, including any fine, within the statutory maximum authorized by law, as well as any order of restitution entered by the Court." Mot. to Enforce Appellate Waiver in Plea Agreement ("Motion"), Ex. 1 ("Plea Agreement") ¶ 16.

At the change-of-plea hearing, the district court asked Quintana about this waiver: "Do you understand that if I accept your plea, you're giving up your right to appeal your conviction and sentence unless it's greater than what the law allows?" Motion, Ex. 2 at 11. Quintana answered, "Yes." *Id.* Based on that and Quintana's

answers to the court's other questions, the court found his plea to be knowing and voluntary, and therefore accepted it.

As the parties prepared for sentencing, the probation officer issued a presentence investigation report that recounted the facts of Quintana's offense. The probation officer relied heavily on the confession of Quintana's co-defendant, who admitted some involvement in the crime but attributed the most egregious acts to Quintana. Quintana objected to that part of the report, asserting that he had played the lesser role and his co-defendant had played the greater role.

At sentencing, the district court overruled Quintana's objection, reasoning that he had not satisfied his "burden of demonstrating that the information objected to in the Presentence Report is untruthful, inaccurate or unreliable." Motion, Ex. 3 at 120. Then, based on the co-defendant's account and testimony from the case agent at the sentencing hearing, the district court denied Quintana's motions for a downward departure and a downward variance and granted the government's motion for an upward departure based on unusually cruel conduct. Absent the upward departure, Quintana's advisory guidelines range would have been 210 to 262 months. With the upward departure, the range became 324 to 405 months. The district court sentenced Quintana to 405 months.

## II.   ANALYSIS

The government's motion to enforce requires us to ask three questions: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate

rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. We address them in turn.

### A. Scope of the Waiver

The argument Quintana intends to make on appeal relies on *United States v. Shinault*, 147 F.3d 1266 (10th Cir. 1998). There, we said that "the district court may rely on facts stated in the presentence report unless the defendant has objected to them," but "[w]hen a defendant objects to a fact in a presentence report, the government must prove that fact at a sentencing hearing by a preponderance of the evidence." *Id.* at 1277–78. Quintana therefore asserts that the district court should have taken his objections to the presentence report at face value and placed the burden on the government to prove its version of the facts. He seems to imply that the district court might have resolved the variance and departure disputes differently if it had allocated the burden in this way.

This argument falls within the scope of the waiver, which applies to "any sentence . . . within the statutory maximum authorized by law." Plea Agreement ¶ 16. The statutory maximum for second-degree murder is life imprisonment. *See* 18 U.S.C. § 1111(b). Obviously, Quintana's 405-month sentence falls within that.

Quintana does not argue otherwise. He insists, however, that he "was entitled to believe the court would follow the law. He relied upon this. A waiver cannot withstand the fl[ou]ting [of] this court's precedent." Aplt. Resp. in Opp'n to Gov't Motion to Enforce Plea Waiver ("Response") at 4.

4

This argument appears to address the other *Hahn* inquiries (voluntariness and miscarriage-of-justice).  Whatever the analysis under those elements, Quintana's waiver encompasses all appellate challenges except for a sentence above the statutory maximum.  Quintana received a sentence within the statutory maximum, so the appeal falls within the waiver's scope.

**B.     Knowing and Voluntary Waiver**

We next ask "whether the defendant knowingly and voluntarily waived his appellate rights."  *Hahn*, 359 F.3d at 1325.  Here, the plea agreement states as much, *see* Plea Agreement ¶¶ 16, 19, and the district court confirmed as much during the plea colloquy, *see* Motion, Ex. 2 at 11, 14.

Quintana argues that he could not "have 'knowingly and voluntarily' waived his right to appeal that it was his burden to disprove the facts he objected to in the [presentence report]."  Response at 4.  But *Hahn* itself addressed this category of argument, *i.e.*, that "a defendant can never knowingly and voluntarily waive his appellate rights because he cannot possibly know in advance what errors a district court might make in the process of arriving at an appropriate sentence."  359 F.3d at 1326.  We acknowledged the premise but rejected the conclusion: "It is true that when a defendant waives his right to appeal, he does not know with specificity what claims of error, if any, he is [forgoing].  Nevertheless, . . . this fact has never rendered a defendant's guilty plea unknowing or involuntary."  *Id.*

At the time he pleaded guilty, Quintana knowingly and voluntarily gave up his right to appeal, except in narrow circumstances that do not apply here.  The district

5

court's purported error at the sentencing phase does not retroactively render that waiver unknowing or involuntary. *See United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995) ("To say that a waiver of appeal is effective if and only if the defendant lacks grounds for appeal is to say that waivers will not be honored."), *quoted with approval in Hahn*, 359 F.3d at 1326 n.12.

### C. Miscarriage of Justice

Last, we ask "whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327 (bracketed numerals in original; internal quotation marks omitted).

Quintana argues that the district court's alleged sentencing error makes his *sentence* otherwise unlawful. But in this context, "otherwise unlawful" means the district court committed an error *with respect to the waiver* that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted); *see also United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007) (noting that the otherwise-unlawful test focuses on the waiver, "not [on] whether another aspect of the proceeding may have involved legal error"). Quintana offers no argument that the district court erred with respect to the waiver. He therefore does not satisfy the miscarriage-of-justice exception.

## III.   CONCLUSION

This appeal falls within Quintana's appeal waiver, and no other *Hahn* factor counsels against enforcement of the waiver.  We therefore grant the government's motion to enforce the appeal waiver and dismiss this appeal.

                                                Entered for the Court
                                                Per Curiam

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

March 18, 2022

Mr. Hans Erickson
Office of the Federal Public Defender
District of New Mexico
111 Lomas, NW, Suite 501
Albuquerque, NM 87102

**RE:**   21-2152, United States v. Quintana
Dist/Ag docket: 1:18-CR-03989-WJ-1

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:   Tiffany L. Walters

CMW/sds